People v Hayes (2018 NY Slip Op 07605)





People v Hayes


2018 NY Slip Op 07605


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1168 KA 17-01522

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEON D. HAYES, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered May 22, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We reject defendant's contention that he should not have been assessed 30 points under risk factor 5, age of victim, because the People did not establish by clear and convincing evidence that the victim was less than 11 years old. Defendant pleaded guilty to attempted course of sexual conduct against a child in the first degree under Penal Law § 130.75 (1) (a), an element of which is that the victim is a child less than 11 years old. Inasmuch as "[f]acts previously . . . elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" for SORA purposes (Correction Law § 168-n [3]), County Court properly allocated 30 points under risk factor 5 (see People v Asfour, 148 AD3d 1669, 1670 [4th Dept 2017], lv denied 29 NY3d 914 [2017]; see also People v Leach, 158 AD3d 1240, 1241 [4th Dept 2018], lv denied 31 NY3d 905 [2018]).
Given the relative ages of defendant and his victim and the fact that the victim was less than 11 years old at the time of the crime, we conclude that the record establishes by clear and convincing evidence that defendant was 20 years old or younger at the time of the crime, and we thus reject defendant's contention that the court
erroneously assessed 10 points under risk factor 8, age at first sex crime.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court